## John Corrigan *vs.* Owen Riley.

C. and R. claimed title and possession to the same house and premises, each claiming an undivided interest therein. They made a written agreement, not under seal, that they would occupy the house in severalty, one the upper, and the other the lower part, and that they would occupy in this manner alternately two years each, C. to occupy the lower, and R. the upper part the first two years; at the end of this term, C. refused to surrender to R. the lower part of the house; R. brought a suit against C. on the contract. *Held,* that the relation of landlord and tenant did not exist, and that on the trial it was competent for C. to show that R. had no title to any part of the premises, and that the contract was, therefore, without consideration on his (C.'s) part.

Error to the Hudson Circuit Court.

An action of *assumpsit* was brought in the Hudson Circuit Court, by Owen Riley, against John Corrigan, on a written agreement not under seal. The agreement and the facts in the case are sufficiently shown in the opinion delivered in this court.

The case was tried at the Hudson Circuit, December

Term, 1854, before a jury, and a verdict and judgment rendered for the plaintiff, Riley, for $496.69, and costs.

The defendant brought a writ of error removing the cause into this court.

It was argued at February Term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, ELMER, and HAINES, by *Bently*, for the plaintiff in error, and *C. L. C. Gifford*, for the defendant.

The CHIEF JUSTICE delivered the opinion of the court.

Riley sued Corrigan in the Circuit Court of Hudson county in an action of *assumpsit*, upon a written agreement not under seal, in the following words:

"In consideration of the possession of the lower part of the house on the southeast corner of Grove street and Newark avenue, given to me by Owen Riley, administrator of Ann Riley, deceased, I, John Corrigan, hereby assign all my right and possession of the upper part of said house for two years from the first day of May, 1850, also the several leases thereof, and the interest I have therein. And we, the said John Corrigan and Owen Riley, do mutually agree to hold in severalty the upper and lower parts of said house alternately every two years. John Corrigan to have the possession of the lower part two years now to come, and Owen Riley the upper part thereof for the two years now to come." The agreement is dated on the 31st of May, 1850, and is signed by Corrigan and by Riley.

The delaration avers that immediately after the execution of the agreement the defendant took possession of the lower part of the house, and occupied it, according to the terms of the agreement, for two years from the 1st of May, 1850, till the 1st of May, 1852. That at the expiration of the said two years, he offered to permit the defendant to have possession of the upper part of said house, and the defendant took possession thereof. Yet the defendant

refused to give the plaintiff possession of the lower part of the house, or any part thereof, but retained possession thereof, and still keeps the plaintiff out of the same.

On the trial of the cause, the plaintiff having rested, the defendant offered, by way of defence, to prove that the plaintiff, Owen, had no right or title whatever to the premises; that he claimed an interest in the premises as administrator of his wife, who in her lifetime owned one undivided sixth part thereof, the title to which sixth part had since her death become vested in the defendant; that the title to one-half of the premises was in the defendant, and the title to the remaining two-sixths was in a third party, by whose consent the defendant was in possession. The defendant further offered to prove that he never received the possession of the said premises, or of any part thereof, from the plaintiff. This evidence being objected to, was overruled by the court, on the ground that, by the agreement, the relation of landlord and tenant was created between the parties, and that Corrigan, being such tenant, could not be allowed to prove an attornment to the owners of an undivided part of the premises, and that he was estopped from denying the title of Riley, his landlord. To this decision of the court the defendant excepted, and now assigns it as ground of error.

In order to test the competency of the evidence, it is necessary to ascertain the nature of the action and the precise object with which the evidence was offered. In an action of ejectment or other possessory action, the defendant who has acquired possession under the plaintiff is not permitted to dispute his title, and in this aspect it is immaterial whether he entered as tenant or under a contract to purchase.

So in an action by a landlord to recover rent, or for a breach of covenant where the lease is by indenture under seal, the tenant is estopped from denying his lessor's title at the time of the lease. *Litt.*, § 58; *Archb. Land and Ten.* 58. But he may show that his landlord's title is

determined by efflux of time or by act of law. And so if a man make a lease of his land by deed indented, the estoppel doth not continue after the term is ended, for the estoppel is by the lease. · Co. Litt. 47, C.

But the present action is not to recover the possession of the premises from the tenant, nor to enforce any claim upon a lease. The suit is brought to recover damages for the breach of a contract not under seal, by which Corrigan promised to give Riley possession of the lower half of the house for two years. The suit is on a contract for an exchange, or for a new lease, and the defendant does not offer the evidence for the purpose of showing that the plaintiff had no title to that part of the premises which he had occupied under Riley. That, so far from being a defence, would have been the strongest possible reason for his performing his contract. The defendant's contract being to give possession to the lower part of the house, if he owned that, it enabled him to fulfill his contract. To set up title in himself or in another to that part of the premises, was no defence to the action, and could not have been the purpose with which the evidence was offered. The real design of the evidence must have been to show that the contract was not binding on the defendant from want or failure of consideration.

If the plaintiff had no interest in any part of the premises, if he was unable to give the defendant quiet possession of the upper part of the house, he could not claim damages of the defendant for refusing to surrender the lower part; the promises were mutual, and inability on the plaintiff's part to perform discharged the defendant from his liability. In this point of view the evidence was offered. It was not designed, therefore, to show that Riley had no title in that part of the premises which Corrigan occupied, but that he had no such interest in any part of the premises as made the contract binding. The defendant was not therefore estopped as tenant from showing a

want of title in the plaintiff, for it was not impeaching his title as landlord.

The embarrassment in the case grows out of the fact that the occupancy of the parties is in undivided parts of the same premises in which each claimed title. If the premises had consisted of two separate and distinct tenements, in an action by Riley against Corrigan for refusing to give him possession of one of the houses according to the contract, it would be perfectly competent to show that Riley had no title to the house which he offered in exchange. Or if Corrigan was in possession as tenant of Riley's own house, which he had agreed to exchange with Corrigan for another, in an action for a breach of the contract, it would be competent for Corrigan to show that Riley had no title to the house which he contracted to exchange, and, consequently, that he could not enforce the fulfillment of the contract against Corrigan.

On an agreement between a landlord and tenant for an exchange of houses, the tenant cannot be estopped by his tenancy from showing, by way of avoiding the contract, that his landlord had no title to the house proposed to be given in exchange, and that, consequently, the tenant was not bound by his contract.

The question has been thus far considered as if the agreement upon which the action was brought was a lease. But is that the real *nature* of the contract?

Upon its face, it purports to be an agreement between two parties to hold and occupy in severalty undivided parts of the same premises. It appears that, at the date of the instrument, both parties were claiming title and possession; each claimed an undivided interest in the same tenement. Controversies respecting the possession were pending. As a measure of peace, it was agreed that each should occupy in severalty one-half of the premises, and that each should occupy the upper and lower parts of the building alternately every two years. Was it anything more than an agreement between two tenants in

common as to the mode in which the premises should be occupied? Neither acquired possession from the other. No rent was reserved or to be paid by either party. No time whatever is limited for the termination of the agreement. It could not have been designed to continue forever. The fair interpretation would be, that it was intended to continue until their legal rights in the premises should be ascertained and decided. If this be, the true character of the agreement, it could not operate by way of estoppel.

The judgment should be reversed, and a *venire de novo* awarded.